IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM GONZALEZ, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | CIVIL ACTION <br> NO. 16-3666 |

## MEMORANDUM

**Schmehl, J.** /s/ JLS  September 22, 2017

Pending before the Court is the report and recommendation of the Honorable Linda K. Caracappa (Docket No. 15). Plaintiff filed objections to the report and recommendation and Defendant filed a reply. As such, this matter is ripe for review. After a thorough review of the report and recommendation and the administrative record, as well as all documents filed in connection with the Complaint, I will decline to adopt the Report and Recommendation. This matter is remanded to the Commissioner of Social Security for further proceedings in order to properly consider the opinions of Plaintiff's treating psychiatrist and all other medical providers.

## I.   STANDARD OF REVIEW

When timely objections are filed to a report and recommendation prepared by a magistrate judge, the district court must review *de novo* the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

The first issue is whether the ALJ properly analyzed the opinion of Alisa Gutman, M.D., Plaintiff's treating psychiatrist, who offered a mental capacity assessment of Plaintiff that set forth work-preclusive functional limitations. The ALJ chose to reject this opinion and rely on the opinion of a non-examining state agency psychologist. The ALJ stated that "although Dr. Gutman qualifies as a treating source, I find her opinion unconvincing in light of the evidence previously set forth at length."(Administrative Record at 19.) Accordingly, the ALJ chose not to give Dr. Gutman's opinion controlling weight. This is permissible pursuant to 20 C.F.R. § 416.927(c)(2). However, if the ALJ decides not to give the treating source controlling weight, his analysis cannot end there. He must proceed to examine the factors found in 20 C.F.R. § 416.927(c)(1-6) in order to decide how much weight should then be given to the treating source's opinion. These factors include: the examining relationship, the treatment relationship, including the length of the treatment relationship and the frequency of examination, nature and extent of the treatment relationship, the supportability of the medical opinion, the consistency of the medical opinion with the record, the specialization of the treater, and any other factors that tend to support or contradict the medical opinion. 20 C.F.R. § 416.927(c)(1-6); see also Tyler v. Colvin, 2016 WL 4191794, *4 (E.D. Pa., Aug. 9, 2016).

In this case, the ALJ only performed half of the required analysis. He found that Dr. Gutman's opinion was not entitled to controlling weight, but failed to address any of the factors listed above. In analyzing the ALJ's determination as to Dr. Gutman's report, the Magistrate Judge stated that the ALJ gave "limited weight to Dr. Gutman's opinion."

2

(Docket No. 15, p. 11.) However, the ALJ's opinion does not contain such a statement. The ALJ provided an explanation for his choice not to accord controlling weight to Dr. Gutman's opinion, but then went no further in his analysis to explain **how much** weight he was in fact giving to Dr. Gutman's opinion. This is clearly an error.

This error is compounded by the fact that the ALJ relied upon a non-examining state agency opinion which was prepared before the majority of the medical evidence was entered into the record. (AR at 59-66, 211-72.) Almost 400 pages of medical evidence were entered into the record after the non-examining source offered his opinion as to Plaintiff. (AR at 59-66, 273-644.) An ALJ commits legal error when he relies upon an outdated non-examining state agency source opinion which was offered before significant evidence was introduced into the record. Morales v. Apfel, 225 F.3d 310, 319-20 (3d Cir. 2000). In this case, the ALJ chose to rely on an opinion from someone who never actually saw all of the medical evidence over a treater whose opinion he failed to properly analyze. These two issues alone require remand.

Additionally, the ALJ failed to consider a GAF score of 50 which was assigned to Plaintiff and which would support Dr. Gutman's opinion. A GAF score this low is indicative of serious mental symptoms or serious impairment in social, occupational, or school functioning, and is consistent with the inability to keep a job. DSM, at 34 (4th ed., 2000.) A GAF score "constitutes medical evidence accepted and relied upon by a medical source and must be addressed by an ALJ in making a determination regarding a claimant's disability." Cassler v. Colvin, 2014 WL 4249776, at *9 (E.D. Pa., Aug. 28, 2014). Accordingly, a GAF score constitutes evidence that must be considered within the context of the record as a whole. West v. Astrue, 2010 WL 1659712, at *4-6 (E.D. Pa.,

Apr. 26, 2010). Clearly, the ALJ erred by failing to consider and address Plaintiff's GAF score of 50, providing further necessity for remand in this matter.

Lastly, one of the ALJ's main reasons for rejecting the opinion of Dr. Gutman is that she allegedly "did not attempt to explain how her opinion could be valid while the claimant was then working full-time." (AR at 19.) However, the ALJ failed to take into consideration that the work Plaintiff was engaged in was temporary, non-competitive, therapeutic work at the VA that was designed for veterans with serious mental limitations. (AR at 422, 491, 507.) Further, Plaintiff was required to perform this accommodated work in order to be permitted to stay at the veterans shelter and not continue being homeless. (AR at 427, 428.) This type of therapeutic work cannot be equated with competitive work and did not result in any inconsistency with the limitations contained in Dr. Gutman's report.

I find that the errors contained in the ALJ's decision require remand. The ALJ's determination was flawed by his failure to properly analyze Dr. Gutman's opinion, his reliance on a non-examining state agency source that didn't even have all the medical evidence at the time of the opinion, his failure to consider Plaintiff's GAF score, and his misunderstanding of the type of therapeutic work Plaintiff was performing at the VA. Therefore, I will not adopt the recommendation of the Magistrate Judge and I will remand this matter to the ALJ to perform a proper assessment of Plaintiff's functional limitations, taking all of this information into consideration. Further, a new RFC determination must also be completed on remand.

## III. <u>CONCLUSION</u>

I will decline to adopt the Magistrate Judge's Report and Recommendation, and will remand this matter to the Commissioner for further proceedings consistent with this opinion.